**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30028 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00019-SEH-1 |
| v. | |
| ELWYN FLOYD HAS THE EAGLE, JR., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted January 10, 2011
Seattle, Washington

Before: GRABER and M. SMITH, Circuit Judges, and BENITEZ,[**] District
Judge.

Defendant Elwyn Floyd Has The Eagle, Jr., timely appeals his convictions

for first-degree murder, second-degree murder, two counts of felony murder, and

burglary. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Roger T. Benitez, United States District Judge for the
Southern District of California, sitting by designation.

Reviewing the district court's evidentiary rulings for abuse of discretion, United States v. Redlightning, 624 F.3d 1090, 1110 (9th Cir. 2010), we hold that the district court acted within the discretion vested in it by Federal Rule of Evidence 702 when the court reasonably concluded that Defendant's expert, a social worker without any medical training, could not testify reliably about Defendant's medications or the effects of those medications on Defendant. See United States v. Chang, 207 F.3d 1169, 1172 (9th Cir. 2000) (holding that the admissibility of expert testimony is "'a subject peculiarly within the sound discretion of the trial judge, who alone must decide the qualifications of the expert on a given subject and the extent to which his opinions may be required'" (quoting Fineberg v. United States, 393 F.2d 417, 421 (9th Cir. 1968))).  And, because the expert could testify reliably about some things but not others, the district court reasonably concluded that it could not give Defendant blanket permission to ask the expert whatever Defendant wanted to ask.  We see no error in the district court's handling of Defendant's expert evidence.

We assume, without deciding, that the district court erred when it prohibited Defendant's expert from testifying about statements that Defendant had made to the expert regarding the reported effects of Defendant's medications.  Even under

that assumption, the error was harmless because the statements had little, if any, probative value. United States v. Seschillie, 310 F.3d 1208, 1214 (9th Cir. 2002).

Reviewing de novo, United States v. Pineda-Doval, 614 F.3d 1019, 1032 (9th Cir. 2010), we reject Defendant's assertion that the district court deprived Defendant of his constitutional right to present a defense. As none of the excluded evidence would have added substantially to the jury's knowledge, we find no constitutional violation. United States v. Lopez-Alvarez, 970 F.2d 583, 588 (9th Cir. 1992).

Reviewing de novo, United States v. Rocha, 598 F.3d 1144, 1153 (9th Cir. 2010), we hold that the district court correctly denied Defendant's motion under Federal Rule of Criminal Procedure 29 regarding the felony murder charges. Viewing the evidence in the light most favorable to the government, a reasonable juror could conclude that Defendant intended to take the victims' car at the time he entered their house. See United States v. Alarcon-Simi, 300 F.3d 1172, 1176 (9th Cir. 2002) ("In ruling on a Rule 29 motion, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (internal quotation marks omitted)). The jury had enough evidence to convict Defendant on the two felony murder charges.

AFFIRMED.

3